COMMONWEALTH *vs*. ROBERTO ESTRADA. No. 87-103. November 12, 1987. *Rape. Evidence*, Consciousness of guilt. *Practice, Criminal*, Instructions to jury.

The jury accepted the complainant's story that she had been raped by the defendant, a story first told somewhat belatedly after the alleged rape in circumstances that might reasonably have caused the jury to doubt its veracity. The Commonwealth raised the issue of consciousness of guilt, adducing testimony of the arresting officer to the effect that the defendant had attempted to elude arrest by hiding behind a partition and had given a

---

[1] Trustee of the Siwel Realty Trust.

[2] Irwin Golden.

[3] The action was also brought within the time limits of c. 260, § 26.

false name. This the defendant, who testified, denied; but, in circumstances such as these, where there was little or no corroboration of the complainant's story and the outcome of the trial turns on credibility, "[w]e cannot overestimate the effect on the jury of . . . [the] argument tending to show consciousness of guilt on the part of the defendant." *Commonwealth* v. *Person*, 400 Mass. 136, 142 (1987), quoting from *Commonwealth* v. *Cobb*, 374 Mass. 514, 521 (1978). Consciousness of guilt was emphasized by the prosecutor in his closing argument. Compare *Commonwealth* v. *Matos*, 394 Mass. 563, 565-566 (1985). Contrast *Commonwealth* v. *Simmons*, 20 Mass. App. Ct. 366, 373-374 (1985). Thus it was particularly important in this case, in fairness to the defendant, for the judge to charge the jury on consciousness of guilt in accordance with the language recommended in *Commonwealth* v. *Toney*, 385 Mass. 575, 585-587 and n.6 (1982).

The defendant asked the judge to give the substance of the full *Toney* instruction. The judge gave the basic part (that the jury were not required to take such evidence into account in determining guilt and were not in any event to convict on that evidence alone) but declined to give the supplemental portion (the cautions concerning the probative value of such evidence, indicating reasons why innocent persons might sometimes display the apprehensive behavior of a guilty person). We are aware that no reported case has yet reversed a conviction because of the judge's omission of the supplemental portion of the *Toney* charge. *Commonwealth* v. *Mercado*, 24 Mass. App. Ct. 391, 400 (1987). Nevertheless it has been repeatedly stated that the judge should give the supplemental portion on request. *Commonwealth* v. *Toney*, 385 Mass. at 585 n.6. *Commonwealth* v. *Mercado*, 24 Mass. App. Ct. at 400 & n.11. Here we are not satisfied, as we were in the *Mercado* case (at 400-401) and the *Simmons* case (20 Mass. App. Ct. at 374), that consciousness-of-guilt evidence played little or no part in the jury's thinking. Rather, as in *Commonwealth* v. *Matos*, 394 Mass. at 565, and *Commonwealth* v. *Rivera*, 23 Mass. App. Ct. 605, 610 (1987), it is more reasonable to think that such evidence may have played a significant part in the conviction. Any doubt we might have had on that score is dispelled by the fact that the jury, after deliberating four hours, sent a message asking the judge to reinstruct on the use of consciousness-of-guilt evidence. Here again the judge limited his instruction to the basic part of the *Toney* charge. If defense counsel's objection at this point left unclear that he was requesting the supplemental *Toney* instruction, his objection at the close of the original charge to the jury was not deficient in that respect. We hold that there was error requiring a new trial.

Accordingly, the judgment is reversed, the verdict is set aside, and the case is remanded for further proceedings consistent herewith.

*So ordered.*

*Maureen B. Brodoff,* Committee for Public Counsel Services, for the defendant.

*David A. Grossbaum,* Assistant District Attorney, for the Commonwealth.